```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                          :
UNITED STATES OF AMERICA,                 :    CASE NO. 4:14-CR-00426
                                          :
         Plaintiff,                       :
                                          :
vs.                                       :    OPINION & ORDER
                                          :    [Resolving Doc. 204]
VINCENT D. MOORER, et al.                 :
                                          :
         Defendants.                      :
                                          :
-----------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE

This case is before the Court on the government's motion for reconsideration of the Court's order granting Defendants Vincent Moorer and Charity Cousin permission to marry.[1]

In April 2015, Defendants Vincent Moorer and Charity Cousin entered guilty pleas in this case. Defendant Vincent Moorer is currently held at the Northeast Ohio Correctional Center ("NEOCC"),[2] and Defendant Charity Cousin is on bond pending sentencing.[3] Shortly after their pleas, each of these Defendants filed a motion seeking "an Order to the Warden [to] permit" them to marry.[4] After "confirm[ing] that NEOCC does permit marriages to take place in the facility," the Court granted Defendants Vincent Moorer's and Charity Cousin's motions.[5]

---

[1] Doc. 204.
[2] *Id.*
[3] *See* Doc. 176.
[4] Docs. 191, 192.
[5] Doc. 193.

Case No. 4:14-CR-00426
Gwin, J.

The government moves for reconsideration of this order.[6] The government notes that Ohio law requires both prospective spouses to appear in person before the probate court in order to secure a marriage license.[7] The government further argues that the burden of arranging to transport Defendant Vincent Moorer to the Mahoning County Probate Court and providing necessary security justifies denying the Defendants' motions to permit marriage.

The Court clarifies that its earlier order should be interpreted simply as giving Defendants Vincent Moorer and Charity Cousin permission to marry, to the extent that NEOCC requires such permission.[8]

To the degree that Defendants Vincent Moorer and Charity Cousin require action by the United States Marshal's Service or NEOCC, such as transport for Moorer to the Mahoning County Probate Court, to facilitate the Defendants' marriage, Defendants Moorer and Cousin should seek such action through NEOCC's ordinary procedures.[9] If Defendants are dissatisfied with the response to such a request, they may raise arguments–including constitutional arguments[10]–through the ordinary administrative and judicial channels.

IT IS SO ORDERED.

---

[6] Doc. 204.

[7] *See* State ex rel. Leach v. Schotten, 653 N.E.2d 356 (Ohio 1995).

[8] *Cf.* United States v. Bailey, No. 1:09-cr-176, 2010 WL 711819, at *1 (E.D. Tenn. Feb. 23, 2010) ("The Court understands that a detention facility may request the Court's permission before the marriage will be allowed. To the extent that the facility requires the Court's permission, permission is granted." (capitalization omitted)).

[9] *See* Doc. 204-2 (setting out NEOCC procedures).

[10] *See* Turner v. Safley, 482 U.S. 78, 94-99 (1987) (holding that prisoners have a fundamental right to marriage, but that this right may be restricted where the restriction is "reasonably related to legitimate penological objectives"); Toms v. Taft, 338 F.3d 519, 525 (6th Cir. 2003) (holding that the same standard applies to "refusal to aid a prisoner in exercising his right to marry, where such refusal completely frustrates the right").

-3-

Case No. 4:14-CR-00426
Gwin, J.

Dated: June 19, 2015
s/    *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE